**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**HUMAN RIGHTS DEFENSE CENTER,**
**a not-for-profit corporation,** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:18-cv-184-KS-MTP**

**FORREST COUNTY, MISSISSIPPI;**
**BILLY MCGEE, Sheriff, individually and in his**
**Official capacity; and JOHN AND JANE DOES**
**1-10, Staff, individually and in their official capacities,** **DEFENDANT**

**SHERIFF BILLY MCGEE AND FORREST COUNTY,**
**MISSISSIPPI'S ANSWER TO PLAINTIFF'S COMPLAINT**

Come now, Sheriff Billy McGee and Forrest County, Mississippi, by and through counsel, and in response to Plaintiff's Complaint would show unto the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which any relief can be granted and, therefore, the same should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Sheriff McGee is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Sheriff McGee would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable under the circumstances.

**FIFTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

**SIXTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendants would respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

**I. INTRODUCTION**

1. Answering defendants deny the allegations of paragraph 1 of Plaintiff's Complaint, as stated.

## II. JURISDICTION AND VENUE

2. Without waiving any limitations, restrictions or immunities, answering defendants admit this Court has jurisdiction over this matter. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3. Without waiving any limitations, restrictions or immunities, answering defendants admit that venue is proper in this matter. Answering defendants deny the remaining allegations of paragraph 3 of Plaintiff's Complaint.

4. Answering defendants would state that 42 U.S.C. § 1983 speaks for itself. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5. Without waiving any limitations, restrictions or immunities, answering defendants admit this Court has jurisdiction over this matter. Answering defendants deny the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6. Answering defendants would state that 42 U.S.C. § 1988 speaks for itself. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiff's Complaint.

## III. PARTIES

7. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 7 of Plaintiff's Complaint and, as such, deny the same.

8. Answering defendants admit that Forrest County, Mississippi is a political subdivision of the State of Mississippi. Answering defendants deny the remaining

allegations of paragraph 8 of Plaintiff's Complaint.

9. Answering defendants admit that Sheriff Billy McGee, at all times relevant to Plaintiff's claims, was the duly-elected Sheriff of Forrest County, Mississippi and that he is the "final policymaker" for the County Jail. Answering defendants deny the remaining allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendants deny the allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendants admit that they were acting under "color of state law" at all times relevant to Plaintiff's claims. Answering defendants deny the remaining allegations of paragraph 11 of Plaintiff's Complaint.

12. Answering defendants admit that they were acting within the course and scope of their employment. Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

## IV. FACTUAL ALLEGATIONS

### A. HRDC's Mission and Outreach to Detention Facilities

13. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 13 of Plaintiff's Complaint and, as such, deny the same.

14. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 14 of Plaintiff's Complaint and, as such, deny the same.

15. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint and, as such, deny the same.

16. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 16 of Plaintiff's Complaint and, as such, deny the same.

17. Answering defendants admit, upon information and belief, the HRDC publishes the Prison Legal News. Answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 17 of Plaintiff's Complaint and, as such, deny the same.

18. Answering defendants admit, upon information and belief, HRDC publishes Criminal Legal News. Answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 18 of Plaintiff's Complaint and, as such, deny the same.

19. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 19 of Plaintiff's Complaint and, as such, deny the same.

20. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 20 of Plaintiff's Complaint and, as such, deny the same.

**B. <u>Defendants' Unconstitutional Publications and Mail Policies and Practices</u>**

21. Answering defendants deny the allegations of paragraph 21 of Plaintiff's

Complaint.

22. Answering defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

23. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 23 of Plaintiff's Complaint and, as such, deny the same.

24. Answering defendants deny the allegations of paragraph 24 of Plaintiff's Complaint.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

27. Answering defendants deny the allegations of paragraph 27 of Plaintiff's Complaint.

28. Answering defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

29. Answering defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

30. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 30 of Plaintiff's Complaint and, as such, deny the same.

31. Answering defendants deny the allegations of paragraph 31 of Plaintiff's Complaint.

32. Answering defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

33. Answering defendants deny the allegations of paragraph 33 of Plaintiff's Complaint.

34. Answering defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

## V. CLAIMS

### Count I - 42 U.S.C. § 1983
*Violation of the First Amendment (Free Speech)*

35. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1 - 34 as if the same were specifically set out herein.

36. Answering defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

37. Answering defendants deny the allegations of paragraph 37 of Plaintiff's Complaint.

38. Answering defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

39. Answering defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

40. Answering defendants deny the allegations of paragraph 40 of Plaintiff's Complaint.

**Count II - 42 U.S.C. § 1983**
*Violation of the First Amendment (Establishment Clause)*

41. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1 - 40 as if the same were specifically set out herein.

42. Answering defendants deny the allegations of paragraph 42 of Plaintiff's Complaint.

43. Answering defendants deny the allegations of paragraph 43 of Plaintiff's Complaint.

44. Answering defendants deny the allegations of paragraph 44 of Plaintiff's Complaint.

45. Answering defendants deny the allegations of paragraph 45 of Plaintiff's Complaint.

46. Answering defendants deny the allegations of paragraph 46 of Plaintiff's Complaint.

47. Answering defendants deny the allegations of paragraph 47 of Plaintiff's Complaint.

**Count III - 42 U.S.C. § 1983**
*Violation of the Fourteenth Amendment (Due Process)*

48. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1 - 47 as if the same were

specifically set out herein.

49. Answering defendants deny the allegations of paragraph 49 of Plaintiff's Complaint.

50. Answering defendants deny the allegations of paragraph 50 of Plaintiff's Complaint.

51. Answering defendants deny the allegations of paragraph 51 of Plaintiff's Complaint.

52. Answering defendants deny the allegations of paragraph 52 of Plaintiff's Complaint.

53. Answering defendants deny the allegations of paragraph 53 of Plaintiff's Complaint.

54. Answering defendants deny the allegations of paragraph 54 of Plaintiff's Complaint.

## VI. REQUEST FOR RELIEF

55. Answering defendants deny the allegations of paragraph 55 of Plaintiff's Complaint.

56. Answering defendants deny the allegations of paragraph 56 of Plaintiff's Complaint.

57. Answering defendants deny the allegations of paragraph 57 of Plaintiff's Complaint.

58. Answering defendants deny the allegations of paragraph 58 of Plaintiff's Complaint.

59. Answering defendants deny the allegations of paragraph 59 of Plaintiff's Complaint.

60. Answering defendants deny the allegations of paragraph 60 of Plaintiff's Complaint.

61. Answering defendants deny the allegations of paragraph 61 of Plaintiff's Complaint.

## VI. JURY DEMAND

Answering defendants deny the allegations contained in the unnumbered paragraph that begins with "[P]laintiff, Human Rights Defense Center. […]."

## SEVENTH DEFENSE

Answering defendants deny each and every material allegation of the Complaint by which Plaintiff seeks to impose liability upon it and deny they have been guilty of any actionable conduct.

## EIGHTH DEFENSE

Plaintiff lacks standing to challenge the alleged violation(s).

## NINTH DEFENSE

Answering defendants aver that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, assumption of risk and/or estoppel.

**TENTH DEFENSE**

Answering defendants are protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

**ELEVENTH DEFENSE**

Answering defendants allege that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

**TWELFTH DEFENSE**

To the extent that Plaintiff failed to exhaust internal or external administrative remedies, those claims are barred and due to be summarily dismissed.

**THIRTEENTH DEFENSE**

Any and all actions taken with respect to Plaintiff were not based upon any prohibited factors or upon any unlawful or impermissible reasons, but were taken in good faith and for legitimate reasons and based upon legitimate nondiscriminatory reasons.

**FOURTEENTH DEFENSE**

Answering defendants are protected by reasonable administrative policies in place that bar the alleged violation(s).

**FIFTEENTH DEFENSE**

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint and made affirmative defenses thereto, Sheriff Billy McGee and Forrest County, Mississippi request that this matter be dismissed at the cost of the Plaintiff.

**DATE: December 3, 2018.**

Respectfully submitted,

**FORREST COUNTY, MISSISSIPPI AND SHERIFF BILLY MCGEE**

BY: */s/William R. Allen*
One of Their Attorneys

WILLIAM R. ALLEN (MSB # 100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for defendants, Sheriff Billy McGee and Forrest County, Mississippi, hereby certify that I have filed this day with the Clerk of Court via CM/ECF a copy of the foregoing Answer to Plaintiff's Complaint, which gave notice of the same to the following counsel of record:

Robert B. McDuff, Esq.
The Law Office of Robert McDuff
767 North Congress Street
Jackson, MS39202
rbm@mcdufflaw.com

Beth L. Orlansky, Esq.
Mississippi Center for Justice
5 Old River Place, Suite 203
Post Office Box 1023 (39215)
Jackson, MS 39202
borlansky@mscenterforjustice.org

Masimba Maxwell Mutamba, Esq. - PHV
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
mmutamba@hrdc-law.org

Daniel Lucas Marshall, Esq. – PHV
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
dmarshall@hrdc-law.org

Sabarish Neelakanda, Esq. – PHV
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
sneelakanta@hrdc-law.org

This the 3rd day of December, 2018.

*/s/William R. Allen*
OF COUNSEL