# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

HUMAN RIGHTS DEFENSE CENTER,

    Plaintiff,

v.

FORREST COUNTY, MISSISSIPPI, et al.,

    Defendants.

Case No.: 2:18-cv-00184-KS-MTP

## STIPULATED INJUNCTION

This Stipulated Injunction (hereinafter referred to as the "Injunction") is entered pursuant to the stipulation and agreement of the Parties, Plaintiff Human Rights Defense Center and the Defendants, Forrest County, Mississippi and Sheriff Billy McGee. On October 24, 2018, the Human Rights Defense Center filed this action against Forrest County, Mississippi and Sheriff Billy McGee (the "Defendants"). The Complaint alleges that Defendants violated Plaintiff's First and Fourteenth Amendment rights when they rejected publications and other correspondence mailed by Plaintiff to inmates at the Forrest County Jail (the "Jail"), including the Plaintiff's award-winning magazine *Prison Legal News*, as well as a guide to correspondence courses and other materials, because of the Jail's practice of restricting reading materials to the Bible and other religious materials.

The Court finds that the public interest is served by this Injunction, which protects the constitutional rights of publishers and other persons who correspond with prisoners by mail, and the right of prisoners to send and receive mail. The Court further finds that this case concerns the First and Fourteenth Amendment rights of a publisher, and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. Finally, the Court finds that

the relief contained in this Injunction is narrowly drawn, extends no further than necessary to correct the harm to HRDC, and is the least intrusive means necessary to correct that harm.

In light of the foregoing, the Court hereby ORDERS as follows:

1. Defendants shall permit book stores, publishers, book clubs, and other recognized distributors to send to inmates --- and permit inmates to receive and read --- soft-cover books, newspapers, magazines, and other correspondence and printed materials whether they are religious or non-religious. Defendants may not limit the acceptable publications to Bibles or to religious materials. The only basis for Defendants to refuse to deliver a publication or printed material to an inmate is if the publication or materials are inconsistent with the legitimate penological interests of the Jail.

2. Whenever authorities at the Jail refuse to deliver any publication or printed material or other correspondence sent to a prisoner at the Jail for any reason, Jail personnel shall place into the mail a written notice to the sender within three (3) business days of making an initial mail rejection decision. The notice shall include the name and address of the sender as well as the name(s) of the intended recipient(s), a description of the refused item of mail, a citation to the objectionable portion of the publication or correspondence, and a citation to the Jail rule violated. . The notice shall also inform the sender of their right to appeal the decision, and include the name and address of the person to whom such appeals should be addressed and the date by which appeals must be submitted. The notice shall also be given to the intended prisoner-recipient of the mail. The refused item(s) will be retained by the Jail in accordance with the appeal process established by the Jail.

3. Defendant Billy McGee and his agents, assigns, employees, deputies, and successors will establish, implement and enforce policies and procedures that will fully effectuate the terms

of this Injunction.

4. It is further agreed that within five (5) days of the date of entry of the Injunction by the Court, Defendant Billy McGee will disseminate a copy of the Notice attached hereto as Exhibit A to all employees of the Jail, as well as to all persons in custody at the Jail, and that the terms of this Injunction will be fully implemented by all Jail staff persons. Further, a copy of this Injunction and the Notice shall be available to prisoners in the Jail's library, and copies of the Notice shall be posted in the common areas of the Jail for a period of ninety (90) days after the date of entry of the Injunction by the Court.

5. The Jail shall conduct an appropriate training session with all staff persons who are responsible for any part of the receipt, collection, and delivery of U.S. Mail to prisoners at the Jail about the contents of this Injunction and the best practices for successful compliance herewith. The training will include a presentation by an attorney for Forrest County or the Forrest County Sheriff's Department regarding the requirements of this injunction and shall include distribution of the notice attached hereto as Exhibit A, and shall inform the staff that if the injunction is not followed, the Court could impose penalties upon Jail supervisors and staff. Defendants shall file with the Court a notice that said training has been conducted within fourteen (14) days of the entry of the Injunction by the Court, and they shall provide a copy of any written materials used for such training to HRDC's counsel at the time of filing.

6. No person who has notice of this Injunction shall fail to comply with it, nor shall any person subvert this Injunction by any sham, indirection, or other artifice.

3

Dated this 6th day of ~~January~~ February, 2019.

APPROVED and ORDERED:

_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

Stipulated and Agreed to:

_____  1/22/19
David Hogan, President            Date
Forrest County Board of Supervisors

_____  1/22/19
Forrest County Sheriff Billy McGee  Date

_____  2/5/19
Paul Wright                       Date
Executive Director
Human Rights Defense Center

_____  2/5/19
Robert McDuff                     Date
Counsel for Plaintiff

_____  2/5/19
William R. Allen                  Date
Counsel for Defendants

4